IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| GILBERTO ANTONIO HERRERA<br>1407 Morningside Drive<br>Silver Spring, Maryland 20904<br><br>　　*Plaintiff*,<br><br>　 v.<br><br>BRANDSAFWAY, LLC<br>1945 Reservoir Road, Suite B<br>Sparrows Point, Maryland 21219<br><br>SERVE: THE CORPORATION TRUST, INC.<br>　　　 2405 York Road, Suite 201<br>　　　 Lutherville, Maryland 21093<br><br>　　*Defendant*. | Civil Action No.: 22-959 |

## COMPLAINT

Plaintiff, Gilberto Antonio Herrera ("Plaintiff") brings this action against Defendant, Brandsafway LLC ("Brandsafway"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiff alleges as follows:

### THE PARTIES

1.   Plaintiff is an adult resident of Montgomery County, Maryland and was employed by Defendant from approximately April 5, 2021, to January 21, 2022, when his employment ended. At all times relevant to the Complaint, Plaintiff's job title was Hoisting Superintendent, and he performed labor functions on construction job sites related to the set up and clean up, purchasing

and picking up materials, installation, repair, maintenance, inspection and testing, calibration, wiring, and use of hoisting equipment. On average, Plaintiff traveled to 2 or 3 job sites per day. Plaintiff worked on job sites in Maryland, Virginia and the District of Columbia. However, Plaintiff spent most of his time working in Maryland.

2. Brandsafway is a corporation organized under the laws of the State of Delaware and is licensed to do business in Maryland. Brandsafway operates nationwide and provides equipment and personnel on construction sites.

3. Brandsafway is an employer of Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because it treated him as an employee, maintained his employment records, paid his wages, supervised him, determined his pay, hired him, had the authority to terminate his employment and made the decision to pay him in a manner made unlawful by the FLSA, MWHL and the MWPCL

4. Additionally, Brandsafway constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it had: (1) employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). In addition, Plaintiff was engaged in commerce because he routinely and regularly traveled between job sites in the District of Columbia, Maryland and Virginia.

## JURISDICTION

5. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal

questions, and the Court has pendant jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

6. This Court has *in personam* jurisdiction over Defendant because it conducts business in Maryland and because the events giving rise to these claims occurred in Maryland.

### STATEMENT OF FACTS

7. While employed by Defendant, Plaintiff's job title was Hoisting Superintendent, and he performed manual labor functions on construction job sites related to the set up and clean up, purchasing and picking up materials, installation, repair, maintenance, inspection and testing, calibration, wiring, and use of hoisting equipment. Under Plaintiff's employment contract with Defendant, Plaintiff was paid on an hourly basis. He received $60.00 per hour for each hour of work up to 50 hours in a work week. And he received $90 per hour for each hour over 50 that he worked in a work week. However, Plaintiff did not receive an overtime premium for work hours between 40 and 50 in a work week.

8. In a typical work week Plaintiff worked approximately 50 hours per week.

9. Pursuant to Plaintiff's employment contract with Defendant, Plaintiff was entitled to be reimbursed for his monthly union dues, receive a $600 monthly allowance for his work vehicle, and be reimbursed up to $17 per day for parking, fuel, and other work-related expenses upon providing receipts. He was also required to be reimbursed for monthly cell phone expenses. These unpaid items were wages within the meaning of Md. Code Ann. Labor &Employment § 3-501.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

10. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

11. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

13. Defendant violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for each hour worked in a workweek between 40 and 50 hours.

14. Defendant's actions were not undertaken in good faith and/or with a reasonable belief that they were lawful, entitling Plaintiff to liquidated damages equivalent to the unpaid overtime.

15. Plaintiff is not able to calculate his damages because he is not in possession of his time records, his payroll records, or paychecks.

16. Defendant is liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime time wages, and an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. § 3-420

17. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

18. At all times relevant to this Complaint, Defendant was an "employer" of the Plaintiff within the meaning of the MWHL.

19. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendant within the meaning of the MWHL.

20. Defendant violated the MWHL by failing to pay Plaintiff at one and one-half times his regular hourly rate for each hour of work between 40 and 50 hours in a work week.

21. Defendant did not act in good faith or with a reasonable belief that its actions were lawful, entitling Plaintiff to liquidated damages.

22. Plaintiff is not able to calculate his damages because he is not in possession of his time records, payroll records or paychecks.

23. As a result, Defendant is liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld straight time and overtime wages and an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

24. Plaintiff repeats and incorporates by reference all allegations set forth above.

25. Defendant knowingly, willfully, and intentionally violated Plaintiff's rights, under the MWPCL by failing to pay Plaintiff all of his overtime wages due under the MWHL. Defendant also violated the MWPCL by failing to pay Plaintiff additional wages, including reimbursement for Plaintiff's mandatory union dues, a monthly work truck allowance and reimbursement for cellar telephone use.

26. Defendant's unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

27. Plaintiff is not able to calculate his damages because he is not in possession of his time records, payroll records or paychecks.

28. Defendant is liable to Plaintiff pursuant to the MWPCL for the aforementioned wages, an additional amount equal to double the unpaid overtime wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## RELIEF SOUGHT

Plaintiff requests that this Court grant him the following relief:

a) enter a judgment against Defendant, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendant, jointly and severally, and in favor of Plaintiff, based on Defendant's violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime and an equal sum as liquidated damages;

c) enter a judgment against Defendant, jointly and severally, and in favor of Plaintiff, based on Defendant's violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld wages and liquidated damages equal to twice the amount of the unpaid wages; and

d) award Plaintiff his litigation costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy, MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*